IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEVIN D. RUTLEDGE,<br>   Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>   Respondent. | §<br>§<br>§<br>§  Civil Action No. 4:08-CV-338-Y<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Kevin D. Rutledge, TDCJ-ID #1409615, was in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, when this petition was filed. Telephonic communication with TDCJ confirms that he has since been released on parole and his sentence was fully discharged on December 12, 2008.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. Factual and Procedural History

Rutledge was serving a 2-year sentence on his conviction for possession of a controlled substance out of Howard County, Texas, cause number 11521. By way of this petition, Rutledge challenges a disciplinary proceeding conducted at the Mineral Wells Pre-Parole Transfer Facility, and the resultant 15-day solitary confinement, 15-day commissary and recreation restrictions, reduction in class status from L1 to L2, and loss of 30 days good time. (Disciplinary Hrg. R. at 1) Rutledge was charged in Disciplinary Case No. 20080019960 with engaging in a fight with another inmate, a code 21.0 violation. (*Id*. at 3) Rutledge filed Step 1 and Step 2 grievances contesting the disciplinary conviction and penalty, to no avail. (Disciplinary Grievance R. at 1-4) He subsequently filed this federal petition for writ of habeas corpus. Quarterman has filed an answer with supporting documentation. Rutledge properly notified the Court of his change of address on January 5, 2009.

D. Grounds

Rutledge claims his substantive and procedural due process rights were violated because (1) the charging officer made false allegations against him, (2) he acted in self-defense, (3) he was not permitted to answer questions during the investigation, and (4) he was denied release to mandatory supervision as a result of the disciplinary conviction. (Petition at 7-8)

E. Rule 5 Statement

Quarterman asserts Rutledge has failed to exhaust one or more of his claims as required by § 2254(b)(1)(A). A court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust under § 2254(b)(2).

F. Discussion

*1. Mootness*

Rutledge is no longer confined or in custody of TDCJ, having completely discharged his 2-year sentence. Rutledge's term of imprisonment has, therefore, expired. Thus, the question in this case is whether dismissal is warranted, because the case has been rendered moot by Rutledge's release.

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.*; *Carafas v. Lavalle*, 391 U.S. 234 (1968). Thus, where the petition challenges the validity of the petitioner's underlying criminal conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. *Carafas*, 391 U.S. at 237. While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). *See also Lane*, 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). Accordingly, *Spencer* dictates a cautious approach to the presumption of collateral consequences, requiring the petitioner to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir.) (citing *Spencer*, 523 U.S. at 12-14)).

In the instant petition, Rutledge does not challenge the validity of his underlying criminal conviction or sentence, only the execution of his sentence. Specifically, Rutledge challenges prison officials' disciplinary action with the resultant loss of good conduct time and other sanctions. Thus,

3

Rutledge must show that the disciplinary action itself will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. As indicated, the principles enunciated by *Spencer* militate against a presumption of collateral consequences, and Rutledge has made no demonstration whatsoever that he will suffer any collateral consequences from the subject disciplinary proceeding and sanctions. He is no longer subject to the disciplinary sanctions, and is not suffering any current consequence of the disciplinary proceeding. And, even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *Spencer*, 523 U.S. at 1. *See also Bailey v. Southerland*, 821 F.2d 277 (5th Cir.1987) (holding habeas petition challenging prison discipline for insolence and failure to obey moot after petitioner's release). Dismissal of this petition is therefore appropriate as moot based upon the expiration of Rutledge's incarcerative sentence and his release from custody. *See Loth v. Guzik*, No. 4:00-CV-0377-G, 2001 WL 649650, at *2-3 (N.D. Tex. May 16, 2001).

## II. RECOMMENDATION

Rutledge's petition for writ of habeas corpus should be DISMISSED as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 29, 2009. The United States District Judge need only make a *de*

4

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 29, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 8, 2009.

                                              /s/ Charles Bleil
                                              CHARLES BLEIL
                                              UNITED STATES MAGISTRATE JUDGE